# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| MELVIN CHISM, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:22-CV-367 |
| | ) | |
| RICKY OAKES, JEFF COFFEY, | ) | Judge Atchley |
| SHELLY MANNIS, KIM OAKES, CHAD | ) | |
| HAYES, S. WARD, and RACHEAL | ) | Magistrate Judge McCook |
| HISER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

Plaintiff, an inmate of the Jefferson County Sheriff's Office, has filed a pro se complaint for violation of 42 U.S.C. § 1983 regarding various incidents during his confinement [Doc. 2], an amended complaint that also addresses various incidents during his confinement and which supersedes his original complaint [Doc. 3; Doc. 7 p. 2], and a motion to amend the complaint to include petitions related to two of his claims signed by numerous inmates and a grievance claim against two new Defendants [Doc. 6]. For the reasons set forth below, Plaintiff's motion to amend his complaint [*Id.*] will be **DENIED**, and Plaintiff will have fifteen (15) days from the date of entry of this order to file an amended complaint.

## I.     SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, dismiss claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial PLRA review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. But courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

## II.    ANALYSIS

As set forth above, Plaintiff has filed a motion to amend his complaint [Doc. 6]. However, this motion [*Id.*] does not comply with this Court's Local Rule, which both (1) requires a plaintiff seeking to amend his complaint to file a complete proposed amended complaint that does not incorporate any prior pleading by reference and (2) provides that failure to do so is grounds to deny the motion. E.D. Tenn. LR 15.1 (providing in relevant part that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall, except by leave of Court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference. A failure to comply with this rule may be grounds for denial of the motion").

Also, Plaintiff's relevant complaint filings [Docs. 3, 6] include numerous claims, some of which are unrelated to each other and against different Defendants. Specifically, in his amended complaint, Plaintiff sets forth the following claims:

(1) Claims that various jail officials have retaliated against him and failed to follow grievance policies against Defendants Racheal Kiser, Lt. Hays, Lt. Ward, Food Service Manager Mannis, Chief Oakes, Capt. Kim Oaks, and Sheriff Coffey [Doc. 3 p. 2–7];

(2) A claim that regarding the jail's water that he attributes to Defendants Chief Oakes and Sheriff Jeff Coffey [*Id.* at 8];

(3) A claim regarding denial of his right to practice his religion that he also attributes to Defendants Chief Oakes and Sheriff Jeff Coffey [*Id.* at 9];

(4) A claim alleging that he has been denied access to the law library by Defendants Lt. Hayes and Lt. Ward, whom he states "are acting under the direction of Chief Oakes" [*Id.* at 10];

(5) A claim regarding the temperature of the jail food, in which Plaintiff states Defendants Food Service Manager Mannis, Lt. Hayes, Lt. Ward, Chief Oakes, and other jail officials he has not named as Defendants are involved [*Id.* at 11]; and

(6) a Fourth Amendment claim alleging an alleged illegal seizure he asserts against two White Pine Police Department Officers he has not named as Defendants [*Id.* at 12].

Additionally, in his motion to amend his complaint, Plaintiff seeks to assert a claim regarding a grievance against two new Defendants [Doc. 6 p. 3–4].

But Plaintiff's unrelated claims against different Defendants are not properly joined in this action under Rule 20(a)(2). Specifically, while a plaintiff may join as many claims as he has against an opposing party under Rule 18(a) of the Federal Rules of Civil Procedure, Rule 20(a)(2) allows a plaintiff to sue multiple defendants only where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Thus, Rule 20 does not permit plaintiffs to join unrelated claims against different defendants in one lawsuit. *See*, *e.g.*, *George v.*

3

*Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner"); *Smith v. Lavender*, No. 2:22-CV-1875, 2022 WL 4121929, at *6 (S.D. Ohio, Sept. 9, 2022) (severing unrelated claims a prisoner plaintiff filed in the same complaint against different defendants) (citations omitted); *White v. Newcomb*, 2022 WL 2763305, at *4–5 (W.D. Mich. July 15, 2022) (providing that a plaintiff cannot join claims against multiple defendants in one lawsuit "'unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact'" (quoting *Proctor v Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) and collecting cases standing for the proposition that prisoners cannot join unrelated claims against different defendants in a single lawsuit).

Accordingly, Plaintiff's motion to amend his complaint [Doc. 6] will be **DENIED**. But the Court will allow Plaintiff fifteen (15) days from the date of entry of this order to file an amended complaint with a short and plain statement of facts setting forth each alleged violation of his constitutional rights and the individual(s) responsible.[1] *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Also, Plaintiff is **NOTIFIED** that if he includes claims that are not properly joined under Rule 20(a)(2) and Rule 18(a) in the amended complaint he files, the Court will presume that Plaintiff intends to proceed as to his first listed claim and those claims that are

---

[1] Plaintiff is **NOTIFIED** that the Court may only address the merits of claims that relate back to his original complaint under Rule 15 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff **SHALL NOT** attempt to set forth any claims in this amended complaint which were not set forth in his original complaint or do not otherwise relate back under Rule 15, as any such claims may be **DISMISSED**.

4

properly joined with that first claim, and the Court will summarily **DISMISS** any other misjoined claims without prejudice.

## III.    CONCLUSION

For the reasons set forth above:

1.  Plaintiff's motion to amend his complaint [Doc. 6] is **DENIED**;

2.  The Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint;

3.  Plaintiff has fifteen (15) days from the date of entry of this order to file an amended complaint in the manner set forth above;

4.  Plaintiff is **NOTIFIED** that any amended complaint he files will completely replace his previous complaint filings [Docs. 2, 3, 6];

5.  Also, Plaintiff is **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and failure to follow the orders of this Court; and

6.  Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing.  Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.  E.D. Tenn. L.R. 83.13.  Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**ENTER**:

/s/      *Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

5