UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| MELVIN CHISM, III, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 3:22-cv-367 |
|  | ) | Judge Atchley |
| JEFFERSON COUNTY SHERIFF'S OFFICE, | ) | Magistrate Judge McCook |
|  | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM & ORDER

Plaintiff, an inmate of the Jefferson County Sheriff's Office ("JCSO"), has filed an amended pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 10] pursuant to the Court's previous order [Doc. 9]. For the reasons set forth below, this action will be **DISMISSED** because the amended complaint fails to state a claim upon which relief may be granted under § 1983.

### I. SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, dismiss claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial PLRA review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. But courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

## II. AMENDED COMPLAINT ALLEGATIONS

According to Plaintiff, Sheriff Coffey "is the Sheriff over the Jefferson County Sheriff[']s Department," and "Chief Ricky Oakes[] is the Chief and jail[] administrator" [Doc. 10 p. 4]. Additionally, "Captain Kim Oakes, L[t]. Ward, L[t]. Hayes, Food Service Manager Shelly Mannis, Head Nurse Rachel Hiser, Sgt. Dakota Bode, and Cpl. Josh Ellis are all administrative person[n]el[] under the direction of" Chief Oakes [*Id.*]. All of these individuals work for the JCSO [*Id.*]. Plaintiff further states that (1) incorporation of the laws and policies of the JCSO is the duty of Sheriff Coffey; (2) enforcement of the laws and jail policies is the duty of Chief Oakes, and (3) adherence to and administration of law and policies is the duty of the jail administration [*Id.*].

Plaintiff then claims that JCSO administrative personnel have violated (1) his First Amendment right to practice his sincerely held religion[1]; (2) his Fifth, Sixth, and Fourteenth Amendment right to due process; and (3) his Eighth Amendment right to be free from deliberate indifference and cruel and unusual punishment [*Id.*]. In support of these claims, Plaintiff states

---

[1] In this claim, Plaintiff references "his original complaint" [Doc. 10 p. 4]. But the Court warned Plaintiff that the amended complaint he filed would replace his prior complaint filings [Doc. 9 p. 5], and Plaintiff includes allegations about the alleged violation of his right to practice his religion from his original complaint [Doc. 1 p. 6–7] in his most recent amended complaint [Doc. 10 p. 5–6]. As such, the Court declines to incorporate any portion of Plaintiff's first complaint into his most recent amended complaint based on this reference.

2

that he repeatedly requested that the jail feed him an alternative to pork products because he is Muslim and filed a grievance about this issue, which lasted for three weeks, on October 4, 2021 [*Id.* at 5]. Plaintiff also filed several grievances about kitchen staff continuing to put pork products on his food tray [*Id.*]. Plaintiff spoke to Chief Oakes about this issue, and Chief Oakes responded "'We don't get a lot of [M]uslims here'" [*Id.*]. Then, on January 18, 2022, Plaintiff filed a grievance about the jail serving peanut butter to Muslims as a substitute for pork products at least ten times per week because "other inmates enjoy a variety of foods" [*Id.*]. Food services told Plaintiff that it was Chief Oakes's idea to serve peanut butter as the pork alternative [*Id.*].

Also, on February 23, 2022, several officers searched Plaintiff's cell [*Id.*]. In doing so, they "disrobed Plaintiff's Qu'ran and disrespected his beliefs by touching his Qu'ran with their filthy gloves and discarding its covering into the trash" [*Id.* at 5–6]. The covering was a towel Plaintiff used as a daily prayer rug [*Id.* at 6]. On February 25, 2022, Plaintiff filed a grievance about this issue, and the response indicated "that all items are to be searched" [*Id.*]. Then, on March 3, 2022, Plaintiff filed a form with Chief Oakes requesting "the ability to obtain and access an alternative to a mucella (prayer rug), such as a towel to conduct his daily prayers (salah)," but Chief Oakes denied the request, telling Plaintiff to use his bath towel or sleep blanket [*Id.*]. On March 5, 2022, Plaintiff filed a grievance about "his right to an alternative to a prayer rug," but Lt. Ward denied it by indicating "'the Chief is my boss'" [*Id.*].

Then, on June 1, 2022, Plaintiff asked for an Arabic English Qu'ranic dictionary to be sent through Amazon "to further his religious studies since [he] prays in Arabic," but Chief Oakes denied that request [*Id.*]. Plaintiff filed a grievance, which Chief Hayes denied [*Id.*]. Plaintiff then filed a grievance asking why the jail allowed Christians to receive bibles from outside sources but

did not allow him to receive an Arabic English Qu'ranic Dictionary but received no response [*Id.* at 6–7].

On August 16, 2022, Captain Kim Oakes, who is Chief Oakes's wife, "verbally intimidate[ed] Plaintiff by telling him to stop filing grievances" [*Id.* at 7].

On June 4 and 11, 2022, "Plaintiff filed a grievance on Head [N]urse Rachel [H]iser Hayes for her unprofession[al] conduct" [*Id.*]. Chief Hayes, who is Nurse Hayes's husband, "deemed Plaintiff's grievance on 6-11-22 non grievable" [*Id.*].

Also, on September 12, 2022, Cpl. Ellis and Sgt. Bode denied Plaintiff "the right to file a grievance" [*Id.*]. Plaintiff then filed a grievance about being denied the right to file a grievance, which Lt. Hayes denied by stating that inmates in solitary confinement cannot access the mobile kiosk to file a grievance without the disciplinary board approving that privilege [*Id.*]. Plaintiff then filed another grievance about the jail not following its own grievance policies [*Id.* at 8].

Plaintiff also generally claims that "the institution denied him adequate time in the law library as well as denied him access to the law library" due to his research and filing grievances about his constitutional rights, and that Lt. Hayes denied his grievances regarding this incident [*Id.*].

Plaintiff then states that his claims "all stem from the repetitive on-going occur[re]nces initiated by the Jefferson County Sherriff's Department's administrative person[n]el, which is a vessel in its whole, governed by" Sheriff Coffey [*Id.*]. Plaintiff further asserts that his claims are linked due to their association to all administrative personnel, who act under direction and approval of Chief Oakes [*Id.* at 8–9].

According to Plaintiff, the denial of his religious rights has caused him to suffer from an inability to grow spiritually [*Id.* at 9]. Plaintiff also claims that his inability to access the library

4

for adequate time "has . . . hindered [him] from properly prosecuting and/or defending cases as well as gaining proper access to courts and legal material" [*Id.*]. Plaintiff further states that he "suffers from oppressed pretrial incarcerations and mental anguish" [*Id.*].

Plaintiff has named only the JCSO as a Defendant [*Id.* at 1, 3]. As relief, Plaintiff seeks punitive damages and legal fees, as well as an order requiring the jail "to comply with federal laws dealing with the constitutional rights of inmates housed in its facility" [*Id.* at 10].

### III. ANALYSIS

#### A. JCSO

First, the JCSO is not an entity subject to suit under § 1983. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983") (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). Nevertheless, the Court will liberally construe Plaintiff's amended complaint as against Jefferson County. To state a claim for relief against this municipality, Plaintiff must set forth facts from which the Court can plausibly infer that a custom or policy of Defendant Jefferson County caused a violation of his constitutional rights. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978).

#### B. Grievances and Intimidation

Plaintiff's allegations regarding denial of his grievances, his inability to file grievances, and the Jefferson County Jail not following its own grievance policies do not allege a constitutional violation, as Plaintiff does not have a constitutional right to an effective grievance procedure. *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (providing that a prisoner has "no inherent constitutional right to an effective prison grievance procedure").

5

And Plaintiff's allegation that he filed a grievance against Nurse Hiser for "unprofession[al] conduct" does not allow the Court to plausibly infer any violation of Plaintiff's constitutional rights. Similarly, Plaintiff's allegation that Captain Kim Oakes told him to stop filing grievances in an attempt to intimidate him does not rise to the level of a constitutional violation. *Faulkner v. Davidson Cnty. Sheriff's Off.*, No. 3:14-MC-00740, 2014 WL 3723205, at *2 (M.D. Tenn. July 24, 2014) ("Allegations of threats and verbal abuse do not state cognizable claims under § 1983."). Additionally, the Court cannot plausibly infer from Plaintiff's amended complaint that Defendant Jefferson County could be liable under §1983 for either Nurse Hiser's conduct or Captain Oakes's intimidation. *Monell*, 436 U.S. at 691.

### C. Library Access

Plaintiff does not support his general allegations regarding his lack of adequate access to the library with facts that would allow the Court to plausibly infer a violation of his constitutional rights. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (holding that a plaintiff must plead and prove that his meritorious claims have been prejudiced by the alleged denial of access to the courts to state a claim for denial of access to courts (citing *Lewis v. Casey*, 518 U.S. 343 (1996)). And while Plaintiff makes a conclusory allegation that "the institution" has denied him access to the library due to him researching and filing grievances regarding his constitutional rights, he provides no facts suggesting that a custom or policy of Defendant Jefferson County caused this alleged retaliation, and it therefore fails to state a claim upon which relief may be granted under § 1983 against this municipality. *Monell*, 436 U.S. at 691.

### D. Pork on Food Trays

Additionally, while Plaintiff alleges that he continued to receive pork products on his food trays for three weeks after requesting an alternative due to his religious beliefs, nothing in the

amended complaint allows the Court to plausibly infer that this was due to a custom or policy of Defendant Jefferson County. As such, Plaintiff's amended complaint fails to "nudge[] [this claim] across the line from conceivable to plausible" as to this Defendant. *Twombly*, 550 U.S. at 570.

### E. Prayer Rug, Dictionary, and Peanut Butter

Plaintiff's allegations that (1) Chief Oakes denied his request for an alternative prayer rug for his daily prayers after officers discarded the towel he was using for this purpose; (2) Chief Oakes denied his request to purchase an Arabic English Qu'ranic Dictionary; and (3) he receives only peanut butter as a pork alternative, even though other inmates receive a variety of foods, do not state a plausible claim for violation of his Equal Protection or First Amendment rights.

#### 1. Equal Protection

The Equal Protection Clause provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV, § 1. It reflects the principle that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). To state a viable equal protection claim, "a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)).

While Plaintiff alleges that Christian inmates can purchase bibles from third party vendors, he does not allege that Christian inmates are able to obtain items for use as prayer rugs or purchase dictionaries that translate other languages to English. Nor does Plaintiff allege that any other inmates who are similarly situated to him with regard to dietary restrictions receive a variety of

7

food alternatives. As such, he has not pled facts indicating that any other inmates are similarly situated to him, or that he has been treated differently from those inmates, as required to state an Equal Protection claim arising out of these issues. *See Ctr. for Bio-Ethical Reform, Inc.*, 648 F.3d at 379 (finding that a complaint failed to state an Equal Protection claim where it did not "make a plausible allegation that similarly situated organizations and individuals, of a different political viewpoint, have not been subject to the same alleged treatment by Defendants"); *Nali v. Ekman,* 355 F. App'x 909, 913 (6th Cir. 2009) (stating that a claim for race discrimination in prison discipline must be supported by allegations "that the people not disciplined were similarly situated and of a different race" to state an Equal Protection claim).

Nor does Plaintiff indicate that his inability to obtain an alternative prayer rug, an Arabic English Qu'ranic Dictionary, or a variety of food alternatives is due to discrimination, which is also required to state an Equal Protection claim. *Robinson v. Jackson*, 615 F. App'x 310, 314–15 (6th Cir. 2015) (finding that a complaint that did not adequately allege that discriminatory intent had caused any disparate treatment "fail[ed] to state a valid equal protection claim as a matter of law" (citations omitted)).

Accordingly, Plaintiff's amended complaint fails to state a claim for violation of his right to equal protection.

### 2. First Amendment

Plaintiff's allegations regarding the prayer rug, dictionary, and peanut butter also fail to state a claim for violation of his First Amendment. The First Amendment guarantees Plaintiff the right to free exercise of his religion. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). To state a claim for violation of this right, Plaintiff must allege facts from which the Court can infer that Defendant

Jefferson County has placed "a substantial burden on the observation of a central religious belief or practice." *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989).

First, regarding peanut butter, Plaintiff does not have a constitutional right to a variety of foods. *Robinson*, 615 F. App'x at 313–14 (finding that "[p]risoners have a constitutional right to meals that meet their nutritional needs . . . [and] do not violate their sincerely held beliefs. But there is no constitutional right for each prisoner to be served the specific foods he desires—such as Halal meat—in prison" (citations omitted)). Thus, even if the Court assumes that a custom or policy of Defendant Jefferson has caused him to receive only peanut butter as an alternative to pork products, this does not rise to the level of a constitutional violation.

Plaintiff likewise does not set forth facts from which the Court can plausibly infer that his inability to obtain an alternative prayer rug or an Arabic English Qu'ranic Dictionary violates his right to free exercise of his religion, as the amended complaint does not indicate that Plaintiff's inability to obtain these items has substantially burdened his ability to observe any central religious belief or practice. Even if the Court assumes that daily prayers are a central practice of Plaintiff's Muslim faith, Plaintiff does not allege that a prayer rug is required for those daily prayers, or that he does not have access to other items that he could use as a prayer rug. And while Plaintiff states that he wants an Arabic English Qu'ranic Dictionary so that he can pray in Arabic, nothing in his amended complaint suggests that praying in Arabic is a central practice of his Muslim faith.[2]

Accordingly, Plaintiff has not plausibly alleged a violation of his First Amendment right to free exercise of his religion.

---

[2] It does not appear that Plaintiff seeks relief for the alleged search of his belongings that resulted in officers touching his Qu'ran. But even if he does, he has not indicated that officers' act of touching his Qu'ran substantially burdened his observation of a central religious belief or practice. As such, Plaintiff's allegations regarding this incident do not state a plausible free exercise claim. *Hernandez*, 490 U.S. at 699.

### IV. CONCLUSION

1. Even liberally construing the amended complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

2. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

3. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

**SO ORDERED.**

> */s/ Charles E. Atchley, Jr.*
> **CHARLES E. ATCHLEY, JR.**
> **UNITED STATES DISTRICT JUDGE**